Mark W. Kelsey, Attorney, SB#295818
877 Ygnacio Valley Rd, Ste. 208
Walnut Creek, CA 94596
(ph) 925.476.5761; (fax) 925.476.5771
mark@markwkelseylaw.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MICHAEL MABUTAS, JR.,<br><br>Plaintiff<br><br>vs.<br><br>OFFICER JAMES COLLEY,<br>    in his official and individual capacities,<br>ANTIOCH POLICE DEPARTMENT, and<br>CITY OF ANTIOCH, CALIFORNIA<br><br>Defendants | Case No.: 4:14-cv-03796-KAW<br><br>**FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Anthony Michael Mabutas, Jr., for his complaint against Defendants James Colley, Antioch Police Department, and the City of Antioch, California states as follows:

## INTRODUCTION

1. This is an action for money damages, declaratory relief, and injunctive relief brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and under the laws of the State of California, against Officer James Colley, a police officer of the City of Antioch (CA) Police Department, in his official and individual capacities, and against the Antioch Police Department and the City of Antioch, California.

FIRST AMENDED COMPLAINT - 1

2. Plaintiff Anthony Michael Mabutas, Jr., alleges that Defendant James Colley made an unreasonable seizure, assaulted, battered, and used unreasonable force against the person of Plaintiff, and that all of these acts were done under the color of state authority.

3. Plaintiff alleges that these constitutional violations were committed a a direct and proximate result of the policies and customs of Defendant Antioch Police Department and Defendant City of Antioch, and that said Defendants are liable under a theory of respondent superior for the torts committed by Defendant Officer James Colley..

**JURISDICTION AND VENUE**

4. This court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's cause of action arising under the Constitution of the United States and 42 U.S.C. § 1983, and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5. This court has supplemental jurisdiction over Plaintiff's causes of action arising under California state law pursuant to 28 U.S.C. § 1367.

6. Venue lies in the United Staes District Court for the Northern District of California because, under 28 U.S.C. § 1391(b)(2), a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Contra Costa County, California.

**PARTIES**

7. Plaintiff Anthony Michael Mabutas, Jr. is an adult citizen and resident of San Francisco County, California.

8. Defendant James Colley was a Field Training Officer (F.T.O.) and member of the SWAT team of the Antioch Police Department when the relevant events occurred. He is sued in his official and individual capacities.

9. Defendants Antioch Police Department and the City of Antioch are municipal entities and are the public employers of Defendant James Colley.

## BACKGROUND

10. On or about June 9, 2014 at about 4:30 p.m., Plaintiff Anthony Michael Mabutas, Jr. was lawfully located in the vicinity of the 1600 block of Sycamore Drive in the City of Antioch, California, where he had gone to visit one or more of his personal friends who reside in and around that vicinity.

11. On or about June 9, 2014 at about 4:30 p.m., Defendant James Colley, in cooperation with other officers of the Antioch Police Department, was conducting police operations in the same vicinity.

12. Defendant James Colley approached Plaintiff Anthony Michael Mabutas, Jr. and pointed a loaded handgun (semi-automatic pistol) at Plaintiff's torso.

13. Plaintiff Anthony Michael Mabutas, Jr. responded by placing both hands palms-front, pointed upwards from the elbows, which were bent in a perpendicular angle, i.e. in the traditional sign of surrender.

14. Without saying a word, Defendant James Colley deliberately pulled the trigger on his handgun, causing a 9-mm. bullet to pierce the abdomen of Plaintiff Anthony Michael Mabutas, Jr., tearing through his flesh and leaving both entry and exit wounds, causing severe physical pain and injury, permanent physical scars, and lasting psychological injuries, including recurrent nightmares of the event.

15. At the time of the shooting, Plaintiff Anthony Michael Mabutas, Jr. was unarmed, made no threats, and made no gestures that reasonably could be interpreted as threatening.

16. Immediately upon being shot, Plaintiff Anthony Michael Mabutas, Jr. screamed in pain, and then exclaimed "Why did you shoot me?!", before slumping to the ground. Within minutes, it was determined that the extent of Plaintiff's injuries required emergency evacuation by life-flight helicopter to John Muir Hospital.

17. At no time has Plaintiff Anthony Michael Mabutas, Jr. ever been a gang member, nor has he ever had any form of gang affiliation whatsoever.

18. At the time in question, neither Defendant Officer James Colley nor any other officer at the scene was equipped with any form of video recording device on the body (commonly known as a "body-cam"). Therefore, no video of the shooting is known to exist.

FIRST AMENDED COMPLAINT - 3

## COUNT I

### 42 U.S.C. § 1983, against Defendant James Colley

19. Plaintiff re-alleges and incorporates by reference ¶¶ 1 through 18.

20. Plaintiff claims damages under 42 U.S.C. § 1983 for the injuries set forth above against Defendant James Colley for violation of his constitutional rights under color of state law.

## COUNT II

### Assault, against Defendant James Colley

21. Plaintiff re-alleges and incorporates by reference ¶¶ 1 through 18.

22. Defendant James Colley acted intending to cause harmful contact with Plaintiff.

23. Plaintiff reasonably feared that he was about to be touched in a harmful manner.

24. Plaintiff did not consent to Defendant James Colley's conduct.

25. Plaintiff suffered severe physical and psychological harm.

26. Defendant James Colley's conduct was a substantial factor in causing Plaintiff's harm.

## COUNT III

### Battery, against Defendant James Colley

27. Plaintiff re-alleges and incorporates by reference ¶¶ 1 through 18.

28. Defendant James Colley battered Plaintiff by intentionally and offensively contacting Plaintiff's body by shooting Plaintiff with a bullet, without justification or excuse.

## COUNT IV

### 42 U.S.C. § 1983, against Defendants Antioch Police Department and City of Antioch

29. Plaintiff re-alleges and incorporates by reference ¶¶ 1 through 28.

30. Prior to June 9, 2014, the Antioch Police Department and the City of Antioch developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Antioch, which caused the violation of Plaintiff's rights.

31. It was the policy and/or custom of the Antioch Police Department and the City of Antioch to inadequately supervise and train its police officers, including Defendant Officer James Colley, thereby failing to adequately discourage constitutional violations by its police officers.

32. It was the policy and/or custom of the Antioch Police Department and the City of Antioch not to require the use of "body-cams" by all field police officers.

32. As a result of the above-described policies and/or customs, police officers of the Antioch Police Department, including Defendant James Colley, believed that their actions would not be properly monitored and that police misconduct would not be properly investigated.

33. As a result of the above-describe policies and/or customs, police officers of the Antioch Police Department, including Defendant James Colley, believed that deadly force could be used with impunity in the absence of video recording of the use of deadly force by officers.

34. The above-described policies and/or customs demonstrate a deliberate indifference on the part of the Antioch Police Department and the City of Antioch to the constitutional rights of persons within the City of Antioch, and were the direct and proximate cause of the violations of Plaintiff's rights alleged herein.

## COUNT V

**Negligence, against Defendants Antioch Police Department and City of Antioch**

35. Plaintiff re-alleges and incorporates by reference ¶¶ 1 through 34.

36. Defendants Antioch Police Department and the City of Antioch owe a duty of care to all persons who are present within their geographic jurisdiction to safeguard them from unreasonable risks of police abuses including the unjustified use of deadly force by police officers.

37. This duty of care specifically requires that all police officers "in the field" should be required to employ the use of electronic video recording devices attached to their persons (i.e. "body-cams").

38. Defendants Antioch Police Department and the City of Antioch breached their duty towards Plaintiff by failing to equip Defendant James Colley with a "body-cam", and/or by failing to require its use.

39. As a direct and proximate cause of said breach of duty, Defendant James Colley was emboldened to pull the trigger on his handgun, secure in the knowledge that no video evidence would prove his wrongdoing. Thus, the above-described breach of duty was the actual and proximate cause of substantial injuries to Plaintiff.

### COUNT VI

**Respondeat Superior, against Defendants Antioch Police Department and City of Antioch**

40. Plaintiff re-alleges and incorporates by reference ¶¶ 1 through 28.

41. Defendants Antioch Police Department and the City of Antioch are liable for the assault and battery committed by Defendant James Colley against Plaintiff, since they employed Defendant James Colley, who committed said torts within the course and scope of his employment.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this court:

A. Enter judgment in favor of Plaintiff and against Defendants;

B. Enter an order declaring Defendant James Colley's conduct unconstitutional;

C. Award Plaintiff compensatory and punitive damages against Defendants in the amount of two million dollars ($2,000,000.00);

D. Award Plaintiff's counsel reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law;

E. Enter a permanent injunction, upon proper motion, requiring Defendants Antioch Police Department and City of Antioch to adopt appropriate policies for supervising police officers' use of deadly force, including requiring the use of "body-cams" during all field duty; and

F. Grant to Plaintiff such other and further relief as may be just and proper under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

FIRST AMENDED COMPLAINT - 6

Respectfully submitted on this 5th day of September, 2014.

*[signature: Mark W. Kelsey]*
Mark W. Kelsey, State Bar of California #295818

The Law Offices of Mark W. Kelsey
877 Ygnacio Valley Rd., Ste. 208
Walnut Creek, CA 94596
(925) 476-5761 (phone)
(925) 476-5771 (fax)
mark@markwkelseylaw.com

FIRST AMENDED COMPLAINT - 7